**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **SAMMY M. GARCIA,** ) | |
| **ID # 675975,** ) | |
|         **Petitioner,** ) | |
| **vs.** ) | **No. 3:15-CV-0792-D (BH)** |
| ) | |
| ) | |
| **WILLIAM STEPHENS, Director,** ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | |
|         **Respondent.** ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this consolidated habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be denied.

**I.  BACKGROUND**

Sammy M. Garcia (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is William Stephens, Director of TDCJ-CID.

Petitioner challenges a January 4, 1994 conviction for delivery of a controlled substance and 35-year sentence in cause number F-9246299-TM in the 194th Judicial District Court of Dallas County, Texas. (doc. 3 at 2); *see also* www.dallascounty.org/criminalBackgroundSearch/defendant (Dallas County criminal records search Sammy Garcia). He filed a direct appeal in the Fifth District Court of Appeals, case number 05-94-00516-CR, and it was transferred to the Tenth District Court of Appeals, which affirmed his conviction in an opinion issued on February 8, 1995. *See Garcia v. Texas*, No. 10-94-00136-CR (Tex. App.-Waco February 8, 1995, no pet.)

Petitioner listed only his last state application for writ of habeas corpus under article 11.07.

(doc.3, at 4.)  He has actually filed four state applications for writ of habeas corpus challenging the same conviction that he now challenges.  The first was filed while the direct appeal was pending on December 8, 1994, and that application was ultimately denied without written order by the Texas Court of Criminal Appeals on June 8, 1994. *See Ex parte Garcia,* WR-26,543-01 (Tex. Crim. App. June 8, 1994); *see also* www.dallascounty.org/criminalBackgound Search/defendant (Dallas County criminal records search of Sammy Garcia).  The second application was denied without written order on the trial court's findings without a hearing, and the third and fourth applications were dismissed as successive writs.  *See Ex parte Garcia,* WR-26,543-02 (Tex. Crim. App. December 4, 2002) (filed in the state trial court on June 17, 2002); *Ex parte Garcia,* WR-26,543-03 (Tex. Crim. App. March 16, 2005) (filed in the state trial court on November 5, 2004);  *Ex parte Garcia,* WR-26,543-04 (Tex. Crim. App. February 11, 2015) (filed in state trial court on July 22, 2014); *see also* www.search.txcourts.gov/Case.aspx?cn=WR-26,543-01-04&COA.  Petitioner mailed this federal petition on March 4, 2015. (doc. 3 at 10).

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).  Because Petitioner filed his petition after its effective date, the Act applies to it.  Title I of the Act substantially changed the way federal courts handle habeas corpus actions.  One of the major changes is a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).

**A.**     **Calculation of One-Year Period**

The one-year period is calculated from the latest of either (A) the date on which the judgment

of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Here, Petitioner has not alleged a state-created impediment (subparagraph (B)) that prevented him from filing his federal petition or any new constitutional right (subparagraph (C)). The one-year statute of limitations is therefore calculated from the latest of the date his conviction became final (subparagraph (A)) or the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims (subparagraph (D)). Although he filed a direct appeal, he did not file a PDR with the Court of Criminal Appeals. His state conviction therefore became final for purposes of § 2244(d)(1)(A) by the expiration of the frame for seeking further review after his conviction was affirmed on direct appeal, on February 8, 1995. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires"). Because no motion for rehearing was filed, under Texas law, Petitioner had thirty days after the court of appeals' judgment to file a petition for discretionary review. *See* Tex R. App. P. 68.2(a). His conviction became final on March 10, 1995.

Because Petitioner's state conviction became final before AEDPA's enactment on April 24, 1996, he had one year after the date of the enactment of the statute in which to file a federal petition for a writ of habeas corpus. *Williams v. Cain*, 217 F.3d 303, 304 n.1 (5th Cir. 2000). "[W]hen

computing the one year time period applicable to petitions raising claims that would otherwise be time-barred as of . . . April 24, 1996, that date must be excluded from the computation and petitions filed on or before April 24, 1997 are timely." *Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). Petitioner is entitled to the one-year grace period that ended, in the absence of tolling, on April 24, 1997.

The facts supporting Petitioner's allegations that the indictment was void because it alleged a date of the commission of the crime that was impossible, and that his counsel was ineffective for failing to challenge the sufficiency of the indictment, (doc. 3, at 6), became known or could have become known to him prior to the date his conviction became final. Because he filed his § 2254 petition on March 4, 2015,[1] several years after his conviction became final in 1997, it is untimely absent tolling.

**B.     Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner filed his first state writ application while his direct appeal was pending, and that application was denied while his direct appeal was still pending. The time that his application was pending therefore does not toll the limitations period. He filed his subsequent state writ applications in 2002, 2004, and 2014, several years after his state conviction became final in 1995, and several years after the one-year grace period from the enactment of the statute of

---

[1] The § 2254 petition was received and file-stamped on March 6, 2015. Petitioner swore that he placed the document in the prison mail system on March 4, 2015, so it is deemed filed on that date under the "mailbox rule". *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (pro se prisoner's habeas corpus petition is constructively filed for purposes of AEDPA when the prisoner delivers the papers to prison authorities for mailing to the district court).

limitations. An application filed in state court after the limitations period has expired does not operate to statutorily toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). The statutory tolling provision does not save his petition.

**C**.     **Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398,

5

402 (5th Cir. 1999).

Here, Petitioner presents no argument or evidence that he was prevented from filing his federal petition raising the challenges to his conviction. He has therefore failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations, and his petition for writ of habeas corpus is time-barred.

### III. RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

**SO ORDERED this 24th day of June, 2015.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE